UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| JAMES PAUL KINARD | ] | |
|---|---|---|
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:14-1110 |
| | ] | Judge Trauger |
| DEBRA JOHNSON, Warden | ] | |
| Respondent. | ] | |


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Debra Johnson, Warden of the facility, seeking a writ of habeas corpus.

**I. Background**

On September 30, 2008, a jury in Davidson County found the petitioner guilty of the rape of a child (3 counts) and aggravated sexual battery. Docket Entry No.28-1 at pgs.267-268. For these crimes, he received an aggregate sentence of seventy five (75) years in prison. Docket Entry No.27-3 at pgs.20-22.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No.27-7. The Tennessee Supreme Court later denied the petitioner's application for further direct review. Docket Entry No.27-11.

1

In March, 2011, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.27-12 at pgs.28-51. Following the appointment of counsel, an amendment of the petition, and an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id*. at pgs.149-167.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.27-17. Once again, the Tennessee Supreme Court rejected petitioner's application for additional discretionary review. Docket Entry No.27-19.

## II. Procedural History

On May 1, 2014, the petitioner initiated the instant action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). The petition contains ten claims for relief. These claims include :

1) the evidence was insufficient to support the convictions;

2) the trial judge abused her discretion by prohibiting evidence "of the victim's prior allegations of sexual abuse made against another adult male and found to be without a basis";

3) it was error for the court to impose maximum consecutive sentences;

4) trial counsel was ineffective
   a) because he failed to meet and confer with the petitioner,
   b) for failing to develop a meaningful

2

           defense,
        c) because he failed to investigate "allegations of abuse made by the alleged victim against another adult male",
        d) for neglecting to properly prepare for trial,
        e) because he failed to properly cross examine the victim,
        f) for failing to subpoena witnesses suggested by the petitioner;[1] and

    5) post-conviction counsel was ineffective for failing to obtain the services of an expert to testify at the post-conviction evidentiary hearing.[2]

Upon its receipt, the Court reviewed the petition and found that it contained at least one colorable claim for relief. For that reason, an order (Docket Entry No.11) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules --- § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No.26), to which the petitioner has filed no Reply. Having carefully considered the petition, respondent's Answer, and the expanded record, it does not appear that an evidentiary hearing is needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled

---

[1] At trial, the petitioner was represented by Michael Engle, an Assistant Public Defender for Davidson County.

[2] During post-conviction proceedings, the petitioner was represented by Elaine Heard, a member of the Davidson County Bar.

to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.) Ineffectiveness of Post-Conviction Counsel**

The petitioner alleges that post-conviction counsel was ineffective for failing to obtain the services of an expert to testify at the post-conviction evidentiary hearing (Claim No.5).

In order to sustain a claim for federal habeas corpus relief, the petitioner must set forth factual allegations suggesting that the fact or duration of his incarceration is in some way constitutionally defective. 28 U.S.C. § 2254(a); <u>Koontz v. Glossa</u>, 731 F.2d 365, 368 (6th Cir. 1984). A state is not constitutionally required to provide convicted felons with a means by which they can collaterally attack their convictions. <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987). Thus, a federal writ of habeas corpus will not issue when the petitioner is merely challenging errors or deficiencies related to a state post-conviction proceeding. <u>Kirby v. Dutton</u>, 794 F.2d 245 (6th Cir. 1986).

The petitioner claims that he was denied the effective assistance of counsel during the course of his post-conviction proceedings. However, there is no constitutional right to an attorney in state post-conviction proceedings. <u>Finley</u>, *supra*. Consequently, the petitioner cannot claim constitutionally

ineffective assistance of counsel during such proceedings. Coleman v. Thompson, 501 U.S. 722 (1991).

**B.) Procedurally Defaulted Claim**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his federal claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

Federal habeas corpus relief is only available to cure "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as an actionable claim for federal habeas corpus relief. Lewis v.Jeffers, 497 U.S. 764, 780 (1990).

The petitioner's third claim, i.e., the imposition of maximum consecutive sentences, was offered to the state courts as a perceived error of state rather than federal law. Docket Entry No.27-5 at pgs.31-41. As a consequence, this issue has never been fully exhausted as a federal claim.

Unfortunately, at this late date, it appears that the petitioner is no longer able to raise his sentencing claim in the state courts as a question of federal law. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to his sentencing claim. Alley v. Bell, 307 F.3d 380, 385

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

6

(6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of a federal constitutional issue forfeits the right to federal review of that issue, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

7

The petitioner's pleadings offer nothing to suggest cause for his failure to exhaust the sentencing claim as a question of federal law in the state courts in a timely manner. Nor has there been a showing of prejudice arising from the alleged violation. Consequently, petitioner's sentencing claim will not support an award of federal habeas corpus relief. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate courts for review).

**C.) Fully Exhausted Claims**

The petitioner's remaining claims of insufficient evidence (Claim No.1), the admissibility of evidence (Claim No.2), and the ineffectiveness of trial counsel (Claim Nos.4a-f) were considered by the state courts on the merits and have been fully exhausted. Docket Entry No.27-7 (direct appeal); Docket Entry No.27-17 (post-conviction).

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 131 S.Ct. 770,780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d

352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. Lundgren v. Mitchell, *supra* at 762, *citing* Williams v. Taylor, 529 U.S. 362,413 (2000). To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. *Id.* In short, state court judgments must be upheld unless the Court finds that the state court's application of federal law was "objectively unreasonable", rather than simply incorrect. Goodell v. Williams, 643 F.3d 490,495 (6th Cir.2011). A state court's application of federal law is objectively unreasonable if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents." Harrington, *supra* at 131 S.Ct. 786.

### Sufficiency of the Evidence

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof

9

has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 99 S.Ct. 2781, 2787 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.,* at 2789. The only question this Court need answer "is whether that finding was so unsupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 132 S.Ct. 2060, 2065 (2012).

In Tennessee, the rape of a child is "the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if the victim is more than three (3) years of age but less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-522(a). Sexual penetration is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body ...". Tenn. Code Ann. § 39-13-501(7).

At the time of trial, the victim was six years old and was the petitioner's niece. Docket Entry No.28-1 at pg.24. She testified to three separate instances of penetration by the petitioner. The first was a penile penetration of her vagina. *Id.* at pg.37. The second was a penile penetration of her mouth by the petitioner. *Id.* at pg.39. The final act was a digital penetration of her vagina.

*Id.* at pgs.36 and 38.

The jury chose to accredit the testimony of the young victim. That, coupled with testimony from the victim's aunt showing that the victim was terrified "when she found out she would be going to the defendant's residence", *Id.* at pg.13, was sufficient to support convictions for the rape of a child.

Aggravated sexual battery is unlawful sexual contact with a victim by the defendant or the defendant by a victim, ... when the victim is less than thirteen (13) years of age. Tenn. Code Ann. § 39-13-504(a)(4).

The victim further testified that the petitioner placed her hand on his "private" and made her masturbate him. Docket Entry No.28-1 at pgs.42-43. He threatened to "kill your whole family" if she told anyone about it. *Id.* at pg.44. Moreover, the petitioner admitted to a Metro detective that there were several times when he applied salve or some kind of medicine to the victim, "her vaginal area and her rear end". *Id.* at pg.93.

This evidence was more than sufficient to sustain petitioner's conviction for aggravated sexual battery. Thus, the Court finds no merit in the petitioner's sufficiency of the evidence claim.

### Evidentiary Claim

At trial, the prosecution introduced the petitioner's statement to the police. In this statement, the petitioner made reference to a man he had barred from the victim's home due to

allegations of sexual abuse from the victim. Docket Entry No.28-1 at pg.88. Defense counsel attempted to cross examine a Metro detective (Zoccola) about this man and the claim of sexual abuse by someone other than the petitioner. *Id.* at pg.103. Upon objection by the prosecution, a jury-out hearing was conducted to determine whether counsel would be allowed to question witnesses about prior allegations of sexual abuse made by the victim. *Id.* at pgs.107-129.

During the jury-out hearing, defense counsel made an offer of proof. *Id.* at pgs.111-122. It was disclosed that the victim had previously accused two other adult males of touching her "kitty cat". *Id.* at pg.123. She later told a family member that this all happened "in a dream". *Id.* at pg.124.

The court considered the offer of proof and determined that the defense had not given proper notice of this evidence prior to trial as required by the state rules of evidence. Rule No.412(d), Tenn. R. Evid. It was also found that the probative value of any evidence of these previous allegations did not outweigh the unfair prejudice to the victim. Docket Entry No.28-1 at pg.128; Rule No.412(d)(4). Accordingly, the court ruled that such evidence would be inadmissible. The petitioner believes that this ruling prevented him from mounting an adequate defense (Claim No.2).

The Constitution guarantees a criminal defendant "a meaningful opportunity to present a complete defense". Holmes v. South Carolina, 547 U.S. 319,324 (2006). Presenting relevant evidence is

integral to that right. Taylor v. Illinois, 484 U.S. 400,408-409 (1988). This right, however, is not absolute. United States v. Scheffer, 523 U.S. 303,308 (1998). Federal habeas review of evidentiary rulings based upon state law is "extremely limited". Giles v. Schotten, 449 F.3d 698,704 (6th Cir.), *cert. denied*, 549 U.S. 1036 (2006). The denial of evidence pursuant to state law does not rise to the level of a constitutional violation unless it can be viewed as so egregious that the petitioner has been denied a fundamentally fair trial. Estelle v. McGuire, 502 U.S. 62,67-68 (1991).

In this instance, the jury heard the petitioner's statement to the police. Thus, jurors were aware that the victim had previously accused at least one other man of sexual abuse. The jury was free to draw its own conclusions regarding the victim's credibility from that information. It does not appear that the refusal to allow further evidence on this subject was so egregious as to deny the petitioner his right to a fundamentally fair trial. Therefore, the Court finds no merit in this claim.

### Ineffective Assistance of Trial Counsel

The petitioner's remaining six claims challenge the effectiveness of trial counsel. More specifically, the petitioner alleges that counsel was ineffective for failing to meet with him and develop a meaningful defense (Claim Nos.4a,b and d), failing to investigate "allegations of abuse made by the alleged victim

13

against another adult male" (Claim No.4c), neglecting to properly cross examine the victim (Claim No.4e), and failing to subpoena witnesses suggested by the petitioner (Claim No.4f).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759,771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner's ineffective assistance claims were considered and exhausted by the state courts during the post-conviction process. The state courts determined that the petitioner had failed to carry his burden of showing that he had been prejudiced by any perceived deficiencies in counsel's representation. *See* Docket Entry No.27-17 at pg.6. Consequently, the state courts held that counsel had not been ineffective.

The conclusion reached by the state courts as to the effectiveness of trial counsel is not contrary to or an unreasonable application of federal law.

Trial counsel met with the petitioner eleven times before trial. Docket Entry No.27-13 at pg.30. The petitioner acknowledged that he was aware of the evidence against him and discussed it with counsel. *Id.* at pg.15. Counsel developed a defense strategy predicated upon petitioner's inability to be alone with the victim. He brought to trial a witness who testified in support of this defense.[4] Docket Entry No.28-1 at pgs.190-196. This witness added that the victim had a reputation for being a liar. *Id.* at pg.197. Counsel investigated the allegations of abuse made by the victim against another man and provided documents obtained during the investigation as an offer of proof at the jury-out hearing. *Id.* at pgs.111-114.

The petitioner offered no witnesses at the post-conviction evidentiary hearing whose testimony may have been of benefit to the defense at trial. Moreover, the petitioner failed to show that a more intensive cross examination of the young victim would have bore fruit. Having carefully considered the record in this matter, it appears that the state courts were correct in holding that the petitioner had failed to prove the type of prejudice needed to

---

[4] The witness, Tonya Kinard, is the petitioner's wife and the victim's aunt.

establish a claim for the ineffective assistance of counsel. Therefore, this claim also has no merit.

## IV. Conclusion

The petitioner's ineffective assistance of post-conviction counsel (Claim No.5) is not cognizable in this action. The petitioner has procedurally defaulted on any federal claim he may have had with regard to his sentencing (Claim No.3).

The state courts determined that the petitioner's fully exhausted claims with respect to the sufficiency of the evidence (Claim No.1), an evidentiary issue (Claim No.2) and the effectiveness of trial counsel (Claim No.4) lacked merit. The record supports this finding. The petitioner has failed to demonstrate in what way the legal analysis of the state courts ran contrary to or involved an unreasonable application of federal law. Accordingly, having carefully reviewed the record, it appears that the petitioner's habeas corpus petition should be dismissed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge